UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY | C. A. NO.:2:14-cv-00441-SM-JCW |
| VERSUS | JUDGE: SUSIE MORGAN |
| A-PORT, LLC, DUSTIN GUIDRY, AND CLINT EDWARDS GIVENS | MAGISTRATE: JOSEPH C. WILKERSON, JR. |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND/OR STAY COMPLAINT FOR DECLARATORYJUDGMENT**

MAY IT PLEASE THE COURT:

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, **A-PORT, LLC., DUSTIN GUIDRY AND CLINT EDWARDS GIVENS** respectfully move this Honorable Court to dismiss the Complaint for Declaratory Judgment filed by United States Fire Insurance Company ("United States Fire") for lack of subject matter jurisdiction. In the alternative, Movers respectfully move the Court to abstain from exercising jurisdiction in this case and to dismiss or, alternatively stay, United States Fire's Complaint for Declaratory Judgment on the basis of practicality, judicial administration, and judicial economy, given that there is a pending state court action in which United States Fire can have its coverage position determined. Finally, should this Honorable Court elect to exercise jurisdiction, the injured party in the underlying dispute, Mr. Willie Walton, should be joined as a defendant to this Declaratory Judgment action.

**FACTUAL BACKGROUND**

This declaratory judgment action, recently filed on February 26, 2014, arises out

of a personal injury suit previously filed by Mr. Willie F. Walton on October 24, 2013. Mr. Walton's state court action, bearing docket number 2013-0003330, remains pending in the 21th Judicial District Court for the Parish of Tangipahoa, State of Louisiana. Walton has named as defendants virtually all parties who had any connection with his injury sustained while assisting A-Port employees, Givens and Guidry, with the loading of a mud tank. Walton did not sue United States Fire, the marine general liability insurer of A-Port.

United States Fire issued an insurance policy to A-Port, LLC bearing policy number 830-100073-5, applicable to the period of May 2, 2012 to May 2, 2013. Mr. Walton's accident occurred on October 31, 2012. United States Fire has been providing A-Port, Givens, and Guidry a defense in the Walton suit, but under a purported reservation of rights.

United States Fire has recently filed a Complaint for Declaratory Judgment, in this Federal Court, seeking a judicial declaration that Unites States Fire is neither liable to indemnify nor defend A-Port, Guidry and/or Givens for the claims asserted by Walton against them in the underlying state court action.

The purpose of this motion is to dismiss and/or stay the Complaint for Declaratory Judgment filed by United States Fire for the reasons outlined below.

## ARGUMENT

**A.  Lack of Subject Matter Jurisdiction – Amount in Controversy**

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss.,*

*Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998). The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.

In considering a Rule 12(b)(1) motion to dismiss, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Slats Oljeselskap As v. Heeremac V.O.F.,* 241 F.3d 420, 424 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001).

Under 28 U.S. § 1332, subject matter jurisdiction is awarded to federal courts in "civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States." The fact that the plaintiff merely alleges that it "may" suffer injury in excess of the jurisdictional amount does not mean that there is a legal certainty that the claim is for more than the statutorily required amount. *Dudenhefer v. State Farm Fire & Cas. Co.,* 2010 U.S. Dist. LEXIS 54490 (E.D. La 2010). Additionally, "bare allegations [of jurisdictional facts] have been held insufficient to invest a federal court with jurisdiction." *St. Paul Reinsurance Co., Ltd v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 566 (5th Cir. 1993).

Although most case law regarding the amount in controversy requirement under § 1332 is concerned with removal from state to federal court, the Court of Appeals for the Fifth Circuit has found "the procedures developed in those cases to be instructive in the converse context of declaratory judgment actions." *Id.* See also

*Dudenhefer,* 2010 U.S. Dist. LEXIS 54490 (E.D. La 2010). In those cases, "when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Id.* (citing *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)). That is, the test is whether it is more likely than not that the amount of the claim will exceed $75,000.00. *Manguno v. Prudential Property and Cas. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reins.,* 134 F.3d at 1253. In other words, the defendant can meet the "preponderance of the evidence" standard in two ways: "(1) by demonstrating that it is "facially apparent" that the claims are likely above $ 75,000.00 or (2) 'by setting forth the facts in controversy that support a finding of the requisite amount." *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen,* 63 F.3d at 1335). This same standard applies to the plaintiff.

In regards to insurance claims specifically, the Fifth Circuit has held that policy limits do not determine the amount in controversy. *Hartford Ins. Group v. Lou-Con Inc.,* 293 F.3d 908, 911 (5th Cir. 2002). In *Hartford,* the Fifth Circuit stated that, while there were circumstances where policy limits established the amount in controversy, "in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim--not the face amount of the policy." *Id.* (quoting 14B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3710 (3d

ed. 1998)). When previously applying this precedent, this court has found that when a party "alleges no facts to establish the value of plaintiffs claim," and instead "relies mainly on the policy limits," the party has "failed to establish that the amount in controversy meets the jurisdictional minimum." *Miri v. State Farm Fire & Casualty Co.,* 2008 U.S. Dist. LEXIS 109214, 2008 WL 4758626 (E.D. La. 2008).

Furthermore, in order to show affirmative proof in regards to the amount in controversy, the party seeking to establish subject matter jurisdiction "should provide the court with the amount of plaintiff's claims along with payments tendered. The court, in order to fulfill its duty to ensure it has proper jurisdiction over this matter, requires specificity from the parties." *Fernandez v. Allstate Insurance Co.,* 2008 U.S. Dist. LEXIS 8086, 2008 WL 314405 (E.D. La. 2008). Parties may meet the proof threshold if they provide the Court with evidence implicating the limits of the policy, or if they submit damage assessments or repair estimates for the property. *Id. See also Sea Trek Inc. v. Sundeland Marine Mut. Ins. Co.,* 1995 U.S. Dist. LEXIS 10628, (ED. La. 1995) (calculating amount in controversy based on receipts, affidavits, and deductible contained in insurance policy).

Here, it is not facially apparent that the threshold has been met. Moreover, United States Fire has not presented any evidence to show that the jurisdictional amount has been met. The only evidence before the Court is United States Fire's policy issued to A-Port which, as provided above, is insufficient. Specificity is required in order to ensure the court has proper jurisdiction. United States Fire has failed to do so, and, as such, the motion to dismiss of A-Port, Guidry and Givens should be granted.

B.   **Alternatively, A Decision to Not Dismiss and/or Stay will Result in Unnecessary Duplication of Judicial Effort and Inconsistent Policy Interpretations, such that the Court should Abstain from Exercising Jurisdiction**

Alternatively, should the Court deny A-Port, Guidry and Givens' motion to dismiss for lack of subject matter jurisdiction, the below case law requires that this matter be at least stayed, if not dismissed, on grounds of abstention.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration." Although district courts have broad discretion to grant declaratory judgment, it is not compelled to exercise that jurisdiction and may abstain from exercising same in the interests of justice and judicial efficiency and economy. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281, 115 S.Ct. 2137, 2140, 132 L.Ed.2d 214 (1995); *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778. (5th Cir.1993); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S.Ct. 1173 (1942).

The Fifth Circuit requires the district court to balance on the record the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine when exercising its discretion. *Travelers*, 996 F.2d at 778 (citing *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir.1989). In discussing the district court's discretion to abstain from entertaining a declaratory action, the Supreme Court in *Wilton* described the task as follows:

> When deciding whether to enter a stay, a district court should examine the scope of the pending state court proceeding and the nature of defenses open there. This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding. 515 U.S. at 283.

The Supreme Court reasoned that when another suit "involving the same parties and presenting opportunity for ventilation of the same state law issues" is pending in state court, a court's consideration of the declaratory judgment action may constitute "gratuitous interference." *Id* at 281. Consequently, in the declaratory-judgment context, the general principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration. The primary concern in this context is whether the questions in controversy between the parties to the federal suit can be better settled in the pending state court suit. *Brillhart,* 316 U.S. 491, 495.

Prior to the Supreme Court's *Wilton* decision, the Fifth Circuit in *Travelers* set forth an abstention analysis similar to that used in *Wilton.* The Fifth Circuit explained that the following factors are relevant to the Court's determination of the abstention issue: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the plaintiff in the declaratory action to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses and (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy. 996 F.2d at 778. *See also, St. Paul Ins. Co. vs. Trejo,* 39 F.3d 585 (5$^{\text{ls}}$ Cir. 1994). These factors address the three broad considerations raised in *Brillhart:* federalism, fairness/improper forum shopping, and judicial efficiency. Thus, if the federal declaratory judgment action raises only issues of state law and a state case involving the same

state law issues pending, then generally the state court should decide the case. *Sherwin-Williams Co. vs. Holmes County,* 343 F.3d 383 (5th Cir. 2003).

In *Essex Ins. Co. v. Grefer,* 2002 U.S. Dist LEXIS 13466, 2002 WL 1585604 (E.D. La. 2002), an insurer filed a declaratory judgment action against its insureds, seeking a determination of its obligation under the insurance policy to defend and indemnify its insureds in a pending state court action. The insureds sought to have the federal declaratory judgment action stayed pending the resolution of the underlying state court action. Judge Vance determined that all the issues could be resolved in state court. Judge Vance also held that staying the Federal declaratory judgment action, pending the outcome of the state court action, would prevent duplication of judicial effort and inconsistent results. As such, the action was stayed.

In *American Security Ins. Co. v. Penwright,* 456 F. Supp. 2d 753, 755-757 (E.D. La. 2006), Judge Barbier likewise applied the above jurisprudence in consideration of a motion to dismiss or stay an insurer's declaratory action. In ordering the federal case to be stayed pending the outcome of the state court litigation, the court held that the state court could comprehensively resolve all of the state law coverage issues in a forum that was just as convenient as the federal forum and that litigating in only one forum would prevent unnecessary duplication of judicial effort and inconsistent policy interpretations. Furthermore, the court found nearly all the factors weighed in favor of staying that proceeding.

Just last October Judge Stanwood R. Duval, Jr. of this Honorable Court stayed an extremely similar Declaratory Judgment action in *Great American Insurance Company v. The Cumberland Insurance Group,* civil action number 13-4763, 2013 WL 5755641 (October 23, 2013). In that matter, Great American filed a declaratory

judgment action seeking a ruling that it did not provide coverage to Cumberland for the claims of the plaintiffs in the underlying state court suit. As in the instant matter, the Declaratory Judgment Action was filed before Great American became a party to the state court suit. A third party demand was subsequently filed against Great American in the state court suit. Judge Duval further noted that that CIG (Cumberland Investment Group) "is not procedurally barred from making its own third party claim against Great American which it has indicated in the briefing that it still may do".

Here, the examination of the pertinent factors requires that United States Fire's complaint should be dismissed or stayed on grounds of abstention. First, there is a pending state action in which all the matters may be fully litigated. It is there that the coverage issues in the declaratory judgment action must be resolved so that the obligations of the parties can be determined, including the obligations of United States Fire. The existence or not of insurance coverage is a central issue, and there exists an issue of fact as to whether Walton was a "leased employee" or a "temporary worker" of A-Port—a crucial determination as to whether coverage is provided. It is undisputed that the alleged injury to Walton occurred during the insurer's policy period, but if this case is not stayed, possible inconsistent policy interpretations and piecemeal litigation would certainly result.

Moreover, while United States Fire has yet to be added as a party to the state court proceeding, virtually all the same parties are involved in the state court action and the issues involved in the instant declaratory judgment action, like those in Judge Duval's *Essex* case, involve purely state law issues. Thus, this matter is particularly suited for resolution by the state court, especially since A-Port LLC has filed pleadings in the state court action to make U.S. Fire a third party defendant in that suit on the

issue of coverage.

Lastly, granting the dismissal and/or stay is warranted because the state court can comprehensively resolve all of the state law coverage issues in a forum that is just as convenient as this one. United States Fire has essentially engaged in forum shopping by trying to resolve its coverage outside of the state court proceeding. United States Fire was well aware of the state court proceeding in the 21st JDC, Tangipahoa Parish but, instead, elected to assert its claim in Federal Court. By dismissing or staying this action and keeping it in one forum, the Court will prevent unnecessary duplication of judicial effort and inconsistent policy interpretations. No party should be made to suffer the costs of litigating the same set of operative facts in two different jurisdictions and then the consequences of different findings in different court based upon the same set of operative facts.

C. **Alternatively, should this Honorable Court retain jurisdiction, the insured person Mr. Walton should be made a party to the Declaratory Judgment proceeding.**

Louisiana's "Direct Action" statute is now embodied in La. R.S. 22:1269B (formerly La. R.S. 22:655). It has long been the law of Louisiana that the Direct Action statute confers "substantive rights" on third parties, such as injured persons, which "become vested at the moment of the accident in which they are injured." *West v. Monroe Bakery, Inc.*, 217 La. 189 46 So.2d 122 (La. 1950). See also: *Haynes v. New Orleans Archdiocesan Cemeteries*, 805 So.2d 320, 2001-0261 (La. App. 4th Cir. 12/19/01). Under Louisiana law, the injured party Mr. Walton therefore has vested rights in and to the United States Fire policy issued to A-Port, LLC.

F.R.CP Rule 19 (a) "requires" the joinder, in a Federal Court proceeding, of a person or entity not presently a party to the suit, if the failure to do so will "leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest." FRCP 19 (a)(1)(B)(ii). See also FRCP 20 pertaining to "permissive joinder."

The United States Supreme Court has long-recognized that the persons allegedly injured by a tortfeasor's conduct are proper parties to a Federal Court Declaratory Judgment action initiated by the tortfeasor's insuror, who seeks a declaration of its coverage obligations. Please see: *Maryland Cas. Co. v. Pacific Coal & Oil Company*, 312 U.S. 270, 273; 61 S.Ct. 510, 85 L.Ed. 826 (1941). More recently, in *National American Insurance Company v. Breaux*, 368 F.Supp.2d 604 (E.D. Tex. 2005), Judge Crone of the Beaumont Division denied a Motion for Summary Judgment brought by the state court plaintiffs ("the Youngs") who contended that they did not wish to participate in the dispute between the insuror and its insured Mr. Breaux. To quote Judge Crone:

> "As such, under the Declaratory Judgment Act, the court may declare NAICO's rights and legal relations with respect to both Breaux and the Youngs. Accordingly, the determination that NAICO has no duty to indemnify Breaux is binding upon the Youngs, as well, due to the derivative nature of their right to recovery. See *Fullerton*, 118 F.3d at 385-86; *Balog*. 2001 WL 997412, at *3. Consequently, the Youngs are proper parties to this lawsuit, precluding summary judgment in their favor."

*National American Ins. Co. v. Breaux*, 368 F.Supp.2d at 621.

It is noteworthy that the Court reach this decision even though Texas is not a Direct Action state. *A fortiori* since the plaintiff Mr. Walton has vested rights under

Louisiana law, by operation of the Louisiana Direct Action statute, the conclusion is even more compelling that he should be made a party to any litigation deciding the rights and obligations of United States Fire Insurance Company under the policy issued to A-Port, LLC.

## CONCLUSION

In sum, United States Fire's failure to provide any evidence regarding the amount in controversy requires that this Court dismiss its Complaint. Moreover, in consideration of the above factors and practicality, wise judicial administration, and judicial economy, United States Fire's Complaint for Declaratory Judgment also be dismissed or, alternatively, stayed on the basis of abstention. Finally, should this Honorable Court elect to exercise jurisdiction, the injured party in the underlying dispute, Mr. Willie Walton, should be joined as a defendant to this Declaratory Judgment action.

Respectfully submitted,

**RABALAIS & HEBERT, LLC**


_s/Steven B. Rabalais_
**STEVEN B. RABALAIS (#17100)**
**MELVIN A. EIDEN (#19557)**
701 Robley Drive, Suite 210
Lafayette, LA  70503
Telephone:  (337) 981-0309
Fax:  (337) 981-0905

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has this day been forwarded to all counsel via:

    __X__ U.S. Mail (First Class)      ____ Hand Delivery
                                                      ____ Facsimile
    ____ Overnight Delivery          __X__ E-Mail

Lafayette, Louisiana on this _____ day of _____, 2014.

                         _____s/Steven B. Rabalais_____
                                 **STEVEN B. RABALAIS**