# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES FIRE INSURANCE COMPANY | § |  |
|---|---|---|
|  | § | C.A. NO. 2:14-cv-00441-SM-JCW |
| *Plaintiff,* | § |  |
| V. | § | JUDGE: SUSIE MORGAN |
| A-PORT, LLC, DUSTIN GUIDRY, AND CLINT EDWARD GIVENS | § | MAGISTRATE: JOSEPH C. WILKERSON, JR. |
| *Defendants.* | § |  |

## PLAINTIFF UNITED STATES FIRE INSURANCE COMPANY'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND/OR STAY COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, **UNITED STATES FIRE INSURANCE COMPANY** (U.S. Fire) submits this Response to Defendants' Motion to Dismiss and/or Stay Complaint for Declaratory Judgment.

U.S. Fire filed this Complaint for Declaratory Judgment to resolve questions concerning the coverage of its insured, A-Port, LLC, for the claims alleged in the petition filed in Tangipahoa Parish by Willie F. Walton.

The issues that determine coverage are different from the issues that determine A-Port's liability to Mr. Walton. In such cases, the courts encourage insurers to defend the underlying petition under a reservation of rights and to seek a determination of coverage issues in a separate action for declaratory judgment. *Fidelity & Cas. Co. v. Riley*, 701 F.2d 153, 156, (5th Cir. 1967), *quoting, Gant v. State Farm Mut. Auto. Ins. Co.*, 134. S.E. 2d 886, 887 (Ga. App. 1964). This is what U.S. Fire has done. At the request of A-Port, U.S. Fire has appointed Allen & Gooch to defend the claim of Walton and filed this action to determine coverage.

A-Port seeks to avoid a coverage determination by challenging the jurisdiction amount,

asking for abstention, and asserting that Mr. Walton is a necessary party. Considering Mr. Walton's alleged injuries and the cost of defending A-Port, the amount in dispute clearly exceeds $75,000. The issues in this declaratory judgment are different from the liability issues in the Tangipahoa proceeding, and no party in the Tangipahoa proceeding has sought to implead U.S. Fire. Accordingly, this action is the only forum to determine coverage, and abstention is inappropriate. Mr. Walton has shown no interest in the coverage dispute, and his presence is not necessary to determine coverage. If, however, the Court holds that Mr. Walton is necessary, it should not dismiss the declaratory judgment action but simply order that Mr. Walton be added.

The motion to dismiss and/or to stay should be denied.

**I. Background**

1. U.S. Fire provides general liability coverage to A-Port, LLC subject to the terms, conditions and exclusions policy no. 830-100073-5. Included in the policy is a standard Employer Liability Exclusion, which excludes "leased workers."

2. On or about October 24, 2013, Willie F. Walton brought a lawsuit against A-Port styled Docket No. 2013-0003330, *Willie F. Walton v. Dustin Guidry, Clint Edward Givens and A-Port, LLC*, in the 21st Judicial District Court of the Parish of Tangipahoa, Louisiana for injuries allegedly suffered while working for A-Port ("Walton Lawsuit").

3. Walton alleges that he was injured while loading a mudtank on a flatbed trailer with A-Port employees Guidry and Givens, when a freefalling sling pinned his left ankle and foot between the sling and the tank. Walton allegedly suffered displaced fractures of the distal fibula and medial malleolus and associated sublaxation of the talus in his left foot. Walton is seeking damages for pain and suffering, mental anguish, loss of enjoyment of life's pleasures, past and future lost wages, and past and future medical expenses.

4. On December 19, 2013, U.S. Fire reserved its right to deny coverage based on the Employer Liability Exclusion and, pursuant to the request of A-Port, appointed Allen & Gooch to defend A-Port and its employees in the Walton Lawsuit.

5. On February 26, 2014, U.S. Fire filed the instant complaint for declaratory judgment to determine its rights and obligations under the Policy. On June 2, 2014, A-Port, Guidry and Givens filed a Motion to Dismiss and/or Stay Complaint for Declaratory Judgment [Doc. 6] arguing that this Court lacks jurisdiction because the amount in controversy does not exceed $75,000; the Court should abstain from exercising jurisdiction; and that Walton is an indispensable party. These requests are without merit and are only intended to delay the declaratory judgment proceeding and avoid a determination of coverage.

## II. Law & Analysis

### A. U.S. Fire Has Satisfied the Requirement for Amount in Controversy

#### i. Standard of Review

6. Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. Fed. R. Civ. P. 12(b)(1). The Fifth Circuit has recognized that Fed. R. Civ. P. 12(b)(1) motions fall into two categories: facial attacks and factual attacks. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

7. When a party files a motion to dismiss a complaint for lack of subject matter jurisdiction, the court's first consideration ought to be the distinction between a "facial attack" and a "factual attack." *Paterson*, 644 F.2d at 523. This will dictate the procedure and scrutiny with which the court will determine the validity of the motion.

8. When the motion to dismiss for lack of subject matter jurisdiction is a facial attack, it is unaccompanied by any supporting evidence and merely challenges the sufficiency of

the pleading itself. *Paterson*, 644 F.2d at 523. When the defendant makes a facial attack, the plaintiff is afforded safeguards similar to those retained in a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Id.* In such cases, the court must consider the allegations in the plaintiff's complaint as true, and determine whether the allegations are sufficient to allege jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

9. In determining the sufficiency of pleadings according to a Fed. R. Civ. P. 12(b)(6) standard, the Fifth Circuit follows the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Jebaco Inc. v. Harrah's Operating Co Inc.*, 587 F.3d 314, 318 (5th Cir. 2009).

10. According to the Supreme Court's holding in *Twombly,* pleadings in a complaint are sufficient to state a claim (and to confer jurisdiction) when the complaint alleges "more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Given this standard, a motion to dismiss or for a judgment on the pleadings should not be granted if a complaint provides "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Aschroft v. Iqbal*, 556 U.S. 662 (2009).

11. Conversely, when the motion to dismiss for lack of subject matter jurisdiction is based on a factual attack, the court must proceed in a different manner. *Williamson,* 645 F.2d at 412. When a motion to dismiss for lack of subject matter jurisdiction is based on a factual attack, the party opposing jurisdiction submits affidavits, testimony or other evidentiary materials in order to dispute the factual basis for subject matter jurisdiction. *Paterson*, 644 F.2d at 523. Under this circumstance, the plaintiff is required to respond to the defendants' evidentiary materials by also submitting "facts through some evidentiary method, as the plaintiff

has the burden of proving, by a preponderance of the evidence, that the trial court does have subject matter jurisdiction." *Id.*

12. The Federal Declaratory Judgment Act ("FDJA") did not create an independent jurisdictional basis, instead it only expanded the possible remedies a district court is competent to order. As a result of this, in order to access the federal judicial system to seek a declaratory judgment, the plaintiff must allege an independent jurisdictional basis. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (U.S. 1950). One such basis is the court's diversity jurisdiction. According to 28 U.S.C. § 1332, a federal Court may adjudicate a controversy pursuant to its diversity jurisdiction when: (1) there exists complete diversity of citizenship between the parties; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

### ii. The Amount in Dispute Exceeds $75,000

13. In this case, the Defendants do not challenge that complete diversity exists among the parties. Instead, they make facial attack on the complaint, arguing that U.S. Fire has not satisfied its burden to show that the amount in controversy exceeds $75,000.

14. To satisfy the pleading requirement, the Supreme Court has held that the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. *KVOS, Inc. v. Associated Press,* 299 U.S. 269, 57 S. Ct. 197, 81 L. Ed. 183 (1936); *St. Paul Mercury Indemnity Co. v. Red Cab Company*, 303 U.S. 283, 288-289, 58 S. Ct. 586, 590, 82 L. Ed. 845(1938); 28 U.S.C. § 1446 (Discussing amount in controversy for the purposes of removal) Furthermore, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co.,* 303 U.S. at 288-289. Finally, "the inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the

complaint discloses the existence of a valid defense to the claim.  But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury Indemnity Co.,* 303 U.S. at 288-289.

15. The amount in controversy in a declaratory judgment action is the value of the right to be protected. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (*citing Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Texas Acorn v. Texas Area 5 Health Systems Agency, Inc.*, 559 F.2d 1019, 1023 (5th Cir. 1977).  In an insurance coverage dispute, the Fifth Circuit held the value of the right to be protected is the "plaintiff's potential liability under that policy," "plus potential attorney's fees, penalties, statutory damages and punitive damages." *Hartford Ins. Group*, 293 F.3d at 910 (*citing St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  *See also Stonewall Ins. Co. v. Lopez,* 544 F.2d 198 (5th Cir. 1976) (the "pecuniary value of the obligation to defend the separate lawsuit is properly considered in determining the existence of the jurisdictional amount, and the amount in controversy.").

16. U.S. Fire's Original Complaint alleges that, due to the policy exclusion for "employees", it is not liable to A-Port for either indemnity or costs of defense for the underlying claim.  Based on the possible underlying liability for Walton's injuries plus the prospective costs of defense, the amount in controversy clearly is in excess of $75,000.00.

17. In Louisiana state court personal injury plaintiffs do not state a specific amount for their injuries.  The amount in dispute, however, is shown by Mr. Walton's allegations regarding his injuries.  He alleges that he sustained displaced fractures of the distal fibular and medial malleolus and associated subluxation of the talus in his left foot.  Further, he alleges that

he was required to undergo two open reductions with the implementation of stabilizing hardware and screws.

18.     Quantum research shows that injuries of this type typically result in jury verdicts in excess of $75,000.00.  This is shown by a number of cases decided over several decades by the Louisiana First Circuit Court of Appeals.  In *Bell v. Whitten*, 722 So. 2d 105 (La. App. 1 Cir. 1998), the First Circuit approved a damages award of $82,595.00 for a fractured ankle that required a surgery to install screws and plates and a potential second surgery for the removal of the same.  In *Dennis v. The Finish Line, Inc.,* 781 So. 2d 12 (La.App. 1 Cir. 12/22/00), the First Circuit approved a damages totaling $1,305,000.00, in which eight specific elements and damage awards were enumerated.  One such damage award was for $75,000.00 in compensation for a broken ankle that required an open reduction with the implantation of permanent screws, like in the case at bar.   In *McIntyre v. Saunders*, 554 So. 2d 1371 (La.App. 1 Cir. 1989), the First Circuit, approved an award of $95,000.00, in a suit by a man injured in an automobile accident in which the driver suffered a badly injured left ankle.  *See also Parker v. South Louisiana Contractors, Inc.* (La App., 1st Cir. 1979) 370 So. 2d 1310, *cert denied*, 374 So. 2d 662 (claimant was awarded $84,000.00 for a broken ankle requiring the insertion and removal of pins) and *Black v. Ebasco Services, Inc*. (La App., 1st Cir. 1982) 411 So. 2d 1159, cert den (La) 414 So 2d 1253 (masonry worker was awarded $170,922.53 (increased to $249,922.53) after he was injured in fall from scaffold, suffering a fractured ankle which required medical insertion of two metal screws and two pins, with future surgery required to remove screws and pins; pain and swelling in ankle joint likely to increase as victim developed arthritic changes, and an inability to pursue employment as mason).

19.     The quantum research shows that just the damages alleged by Mr. Walton exceed

$75,000. Moreover, when that underlying indemnity obligation is combined with costs of defending the Walton Lawsuit and associated expenses, the amount in controversy clearly and easily exceeds the statutorily required $75,000.

### B. Abstention Is Improper on These Facts

20. It is well-settled in the Fifth Circuit that a district court has discretion over whether to decide or dismiss a declaratory judgment action. *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n,* 996 F.2d 774, 778 (5th Cir. 1993). While broad, the district court's discretion is not unfettered. Courts may not dismiss requests "for declaratory judgment relief "on the basis of whim or personal disinclination." *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir.1989) (*quoting Hollis v. Itawamba County Loans*, 657 F.2d 746, 750 (5th Cir.1981)). In making the determination about whether to dismiss a properly filed request for declaratory relief, the district court addresses and balances the purposes of the Declaratory Judgment Act and the factors relevant to abstention. *Id.* at 30 (*quoting In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1166 (5th Cir.1987), (vacated on other grounds sub nom. *Pan American World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989)).

21. The relevant factors which the district court must consider include, but are not limited to, 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, *Rowan Co., Inc.*, 876 F.2d at 29, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 602 (5th Cir.1983), 3) whether the plaintiff engaged in forum shopping, *Rowan Cos., Inc.*, 876 F.2d at 29, 4) whether possible inequities arise from allowing the declaratory plaintiff to gain precedence in time or to change forum, *id.,* 5) whether the federal court is a convenient forum for the parties and witnesses, *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599,

602 (5th Cir.1983), and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, *see Mission Ins. Co*., 706 F.2d at 602.

22. First, U.S. Fire is not a party to the Walton Lawsuit and, as a consequence, there exists no pending state action in which the coverage issues can be fully litigated. Second, U.S. Fire filed this action not in anticipation of one by A-Port, but instead as a response to the Walton Lawsuit. Third, U.S. Fire has not engaged in improper forum shopping merely by filing a declaratory action in federal court, availing itself of diversity jurisdiction.

> The fact that federal forums are sought by some [plaintiffs] in an attempt to avoid the state court system, does not necessarily demonstrate impermissible forum selection when the declaratory judgment out-of-state plaintiff invokes diversity. Rather it states the traditional justification for diversity jurisdiction, to protect out-of-state defendants.

*Sherwin-Williams*, 343 F.3d at 399 (internal citation and quotation marks omitted). Instead, a court is more likely to find a plaintiff engaged in impermissible forum shopping when the federal action would change the applicable law. *See id*. at 397, 399; *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983). In this instance, filing suit in the Eastern District of Louisiana does not change the applicable law.

23. Fourth, because there was no parallel state court proceeding involving the same issue, U.S. Fire did not inequitably gain precedence in time or change a previously selected forum for the declaration on insurance coverage. Contrary to the statements of A-Port, the issues in the liability proceedings with Walton are different from the issues in the coverage proceedings with U.S. Fire.

24. In the state court liability proceedings the issue is whether Mr. Walton was a borrowed servant for purposes of immunity from suit pursuant to the Louisiana compensation act. *See* attached Exhibit A, Motion for Summary Judgment and Memorandum in Support of

Motion for Summary Judgment (without attachments) filed in Tangipahoa Parish by A-Port, LLC, Duston Guidry, and Clint Givens (collectively "A-Port"). In particular, at page 5 of its memorandum A-Port states that borrowed servant is determined by the following factors:

1) Who had the right of control over the employee and the work he was performing beyond mere suggestion of details or cooperation?

2) Whose work was being performed?

3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?

4) Did the employee acquiesce in the new work situation?

5) Did the original employer terminate his relationship with the employee?

6) Who furnished the tools and place for performance?

7) Was the new employment over a considerable length of time?

8) Who had the right to discharge the employee?

9) Who had the obligation to pay the employee?

25. In contrast, whether Mr. Walton is a leased employee whose claim is excluded from coverage is determined by the terms of the insurance policy. Indeed, there appears to be little debate that Mr. Walton is a "Leased Worker" as defined in the policy and would be excluded by Exclusion 5. Doc. 1, p. 5-6. If there is any question whether Mr. Walton's claim is covered, it involves the exception to "Leased Worker" for "Temporary Worker." Doc. 1, p. 6. "Temporary Worker" is defined as a substitute for a permanent "employee" on leave or a worker hired to meet "seasonal or short-term workload conditions." Accordingly, coverage of Mr. Walton's claim will depend on whether he was substituting for a specific permanent worker or was hired to meet seasonal or short-term needs. Obviously, these factors are different from the factors to determine borrowed servant under Louisiana law.

26. The result is that the issues that determine liability and issues that determine

coverage are entirely different. The decision of the court in Tangipahoa whether Mr. Walton is a borrowed servant will not determine whether Mr. Walton was a "Leased Worker" or "Temporary Worker" as defined by the policy. Accordingly, there is no state court proceeding involving the same issues as the complaint for declaratory judgment, and the declaratory judgment proceedings do not give U.S. Fire precedence in time or change a forum previously selected to determine the coverage issues.

27. Fifth, the Eastern District of Louisiana is a convenient forum to litigate the coverage dispute because the dispute involves an accident that occurred within the District. Sixth, retaining jurisdiction promotes judicial economy because no other proceeding is able to consider and decide the coverage dispute; again, U.S. Fire is not a party to the Walton Lawsuit. Finally, the seventh factor -- whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state court suit is pending -- weighs in favor of U.S. Fire. Because U.S. Fire is not a party to the Walton Lawsuit, and because any ruling by the Louisiana court will relate to A-Port's liability, the pending disposition of the Louisiana action is not relevant to the declaratory judgment on coverage.

28. The cases cited by A-Port in support of its argument for abstention are distinguishable on their face. In *Essex Ins. Co. v. Grefer*, 2002 U.S. Dist. LEXIS 13466 (E.D. La. July 15, 2002), the insured had previously filed a state court action regarding coverage and the insurer had denied defense and indemnity. In *Am. Sec. Ins. Co. v. Penwright*, 456 F. Supp. 2d 753 (E.D. La. 2006), a homeowners carrier filed suit against a homeowner in anticipation of a claim for bad faith arising out of the denial of a first party property claim for damage to her home. In addition to the homeowners policy, the home was insured by a fire and casualty policy.

The homeowner subsequently filed suit in Louisiana state court against both insurers. The federal district court stayed the federal declaratory judgment action because the state court could resolve all of the coverage issues among all of the parties. Finally, *Great Am. Ins. Co. v. Cumberland Inv. Group*, LLC, 2013 U.S. Dist. LEXIS 152324 (E.D. La. Oct. 23, 2013), involved a construction defect claim in which Great American had denied coverage because the injury occurred after the policy period. At a different time the insurer had also denied coverage because it claimed the damages occurred before its policy period. The district court stayed the federal declaratory judgment action because the insurer was a party to a state court proceeding and there were issues of fact to be resolved as part of the state court proceeding that would bear on coverage (i.e. when the damage occurred).

29. In this matter, there is no claim filed in state court against U.S. Fire, and U.S. Fire is properly defending under a reservation of rights pending the outcome of its claim for declaratory judgment. Whether there is insurance available to indemnify A-Port for any judgment obtained by Walton is not a central issue in his liability claims against A-Port. Walton's claims arise out of the alleged negligence of A-Port and its employees, not out of his status as a "leased employee" or "temporary worker" as defined in the policy. Based upon the foregoing, abstention is improper, and the Court should retain jurisdiction and decide the coverage issue.

    **C.    Walton Is Not An Indispensable Party**

    **i.    Dismissal Pursuant to Rule 12(b)(7)**

30. Federal Rule of Civil Procedure 12(b)(7) narrowly permits dismissal for failure to join an indispensable party under Federal Rule of Civil Procedure 19. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). It "allows for both the joinder of parties who should be

present in order to have a 'fair and complete resolution of the dispute,' and for the dismissal of lawsuits 'that should not proceed in the absence of parties that cannot be joined.'" *Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd.*, 570 F.3d 219, 230-31 (5th Cir. 2009). Rule 19 sets out a two-step inquiry: whether a party should be added under the requirements of Rule 19(a) and whether litigation can properly proceed without the absent party under the requirements of Rule 19(b). *August v. Boyd Gaming Corp.*, 135 Fed. Appx. 731, 732 (5th Cir. June 22, 2005).

31. A "Rule 12(b)(7) motion will not be granted because of a vague possibility that persons who are not parties may have an interest in the action. In general, dismissal is warranted only when the defect is serious and cannot be cured." 5A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1359 (2d ed. 1990). The decision whether to dismiss a case for failure to join an alleged indispensable party first requires the court, in a highly practical, "fact-based endeavor," to determine whether the party meets the requirements of Federal Rule of Civil Procedure 19(a). *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009). Under Rule 19(a)(1), the party must be joined if it is subject to process, its joinder does not deprive the Court of subject matter jurisdiction, and if

> (A) in the person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Hood*, 570 F.3d at 628. The threat of multiple litigation will not make a party indispensable but the threat of inconsistent obligations will. *Shelton v. Exxon Corp.*, 843 F.2d 212, 218 (5th Cir. 1988).

32. The party seeking the joinder bears the initial burden of demonstrating that the person is necessary. *Hood*, 570 F.3d at 628; *Carder v. Continental Airlines, Inc.*, No. H-09-

13

3173, 2009 U.S. Dist. LEXIS 110671, 2009 WL 4342477, *4 (S.D. Tex. Nov. 30, 2009) (The movant bears the burden of producing evidence which shows the nature of the absent party's interest and that protection of that interest will be impaired or impeded without joinder of that party). After "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Hood*, 570 F.3d at 628, *citing Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006).

### ii. Mr. Walton is not a necessary party

33. A-Port has failed to show that Mr. Walton is a required party under Rule 19(a)(1). A-Port's policy provides general liability coverage for "bodily injury" sustained during the policy period subject to certain exclusions. The question of whether there is coverage for the acts and/or omissions of A-Port and its employees rests solely on the interpretation of the policy. Walton's absence from this declaratory judgment action does not prevent the Court from rendering judgment on the policy language, thereby according complete relief among existing parties.

34. Walton is a stranger to the policy and has made no claim against U.S. Fire. As a consequence, Mr. Walton is not so situated that disposing of U.S. Fire's request for a declaration of no coverage in his absence may: (i) as a practical matter impair or impede his ability to protect his interest in his claim against A-Port and its employees; or (ii) leave A-Port and/or its employees subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. The liability of A-Port and its employees to Walton for his injuries exists separate from the availability of insurance coverage for those injuries. Even in the absence of insurance, Walton has a remedy against A-Port and its employees.

35. The case cited by A-Port is distinguishable. *Nat'l Am. Ins. Co. v. Breaux*, 368 F.

14

Supp. 2d 604 (E.D. Tex. 2005). There the plaintiffs in the underlying liability suit were seeking to be dismissed from the declaratory judgment action on insurance coverage. Mr. Walton has shown no interest in A-Port's insurance coverage and should not be forced to litigate the issue. Neither A-Port nor Mr. Walton is at risk of inconsistent judgments. Coverage of A-Port will not be decided in the Tangipahoa Parish proceedings. A-Port's rights to insurance coverage will be determined exclusively in this action for declaratory judgment. The only party risking possible inconsistent judgments is U.S. Fire. In the unlikely event that Mr. Walton obtains judgment and A-Port does not pay, Mr. Walton may seek payment from U.S. Fire via the Louisiana Direct Action Statute. But that is a risk that U.S. Fire is willing to accept and no reason to grant A-Port's motion.

### iii. Alternatively, If It Is Determined That Mr. Walton Is a Necessary Party, the Court Should Not Dismiss, But Order Joinder

36. Fed. R Civ. P. 19 provides that, when a party is determined to be necessary, the court should order that the party be joined, if feasible. *Gore v. Grand Casinos of La.*, 1998 U.S. Dist. LEXIS 23257, 11-12, 1998 WL 1990523 (W.D. La. Sept. 29, 1998). It is feasible to join Mr. Walton. He is a citizen of Louisiana. He would be joined as a defendant, aligned with A-Port and against U.S. Fire on the issue of coverage. Accordingly, there still would be diversity among the plaintiff and defendants and diversity jurisdiction. Further, as a resident of Louisiana, Mr. Walton is susceptible to service of process. Fed. R. Civ. P. 4 (k); L.S.A. R.S. 13:3471 (2) (3).

37. While U.S. Fire believes that Mr. Walton is not necessary to a determination of this complaint for declaratory judgment, if the Court believes otherwise, the remedy is not to order dismissal, but to order simply that Mr. Walton be added as a defendant.

### III. Conclusion

Based upon the foregoing, U.S. Fire respectfully requests the Court deny the Motion to Dismiss and/or Stay Complaint for Declaratory Judgment filed by A-Port and its employees Mr. Guidry and Mr. Givens, permit this action to move forward, and, after due proceedings, to hold that A-Port, Mr. Guidry, and Mr. Givens are not covered for the claims of Mr. Walton.

Respectfully submitted,

**FOWLER RODRIGUEZ**

By: /s/ Edward F. LeBreton, III
 **Edward F. LeBreton, III**
 Louisiana Bar No. 8215
 400 Poydras Street, 30th Floor
 New Orleans, Louisiana 70130
 (504) 523-2600 - Telephone
 (504) 523-2705 – Facsimile
 Email: lebreton@frfirm.com

**ATTORNEYS-IN-CHARGE FOR PLAINTIFF, UNITED STATES FIRE INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that I have on this 28th day of July, 2014, served a copy of the foregoing pleading on counsel for all parties to this proceeding via Electronic Case Filing System of the United States District Court for the Eastern District of Louisiana, New Orleans Division.

 /s/ Edward F. LeBreton, III