## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES FIRE**                                  **CIVIL ACTION**
**INSURANCE COMPANY,**
    **Plaintiff**


**VERSUS**                                               **NO. 14-441**


**A-PORT, LLC, et al.,**                                 **SECTION: "E" (2)**
    **Defendants**


## ORDER AND REASONS

This is a civil action involving an insurance policy (the "Policy") between United States Fire Insurance Company ("U.S. Fire") and A-Port, LLC ("A-Port"). U.S. Fire seeks a declaratory judgment that it owes no duty to defend or indemnify A-Port and its employees against a state-court action filed by Willie Walton ("Walton"). The defendants have filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative to stay pending resolution of the state-court action, or in the further alternative to compel joinder of Walton as an indispensable party.[1]

The questions presented are several. First, the Court must determine whether this declaratory judgment action is justiciable. Second, the Court must determine whether it has authority to grant declaratory relief. Third, the Court must decide how to exercise its broad discretion to decide, stay, or dismiss this action. Finally, if the Court finds that any claim(s) are justiciable, that it has authority to grant declaratory relief,

---

[1] R. Doc. 6.

1

and that a stay or dismissal is inappropriate, the Court must determine whether Walton is an indispensable party under Rule 19, and, if so, whether joinder is feasible.

For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART.  The Motion is GRANTED in that U.S. Fire's indemnity claim is DISMISSED WITHOUT PREJUDICE as unripe.  The Motion is DENIED in all other respects.  The duty-to-defend claim will remain pending and is not stayed.  Walton is not an indispensable party.

## BACKGROUND

This coverage dispute stems from a personal injury action filed by Walton in state court (the "Walton Suit").  According to the petition, Walton's payroll employer "loaned his services" as a rigger to A-Port.  Walton further alleges he sustained personal injury on October 31, 2012 while helping A-Port employees Clint Givens ("Givens") and Dustin Guidry ("Guidry") load a mudtank onto a flatbed trailer.  During the loading process, the mudtank fell on Walton's left foot, causing "displaced fractures of the distal fibula and medial malleolus and associated subluxation of the talus."[2]  As a result of these injuries, Walton has undergone "two (2) open reductions with the implementation of stabilizing hardware and screws."[3]

On October 24, 2013, Walton filed a negligence action in state court against A-Port, Givens, and Guidry.  Walton seeks an unspecified amount of damages for "physical pain and suffering, mental anguish, loss of enjoyment of life's pleasures, past and future lost wages, and past and future medical expenses."  The petition does not request attorneys' fees.

---

[2] R. Doc. 1-1, ¶9.
[3] *Id.* at ¶10.

U.S. Fire is currently defending A-Port, Guidry, and Givens (collectively "A-Port") in the Walton Suit under a reservation rights in the Policy. On February 26, 2014, U.S. Fire filed this declaratory judgment action. U.S. Fire seeks two different declarations under the Policy: (1) that it owes no duty to defend A-Port in the Walton Suit, and (2) that it owes no duty to indemnify A-Port for any losses sustained as a result of the Walton Suit.

A-Port filed the instant motion on June 2, 2014. Resolution has been delayed due to developments in the Walton Suit. On August 12, 2014, the Walton Suit was dismissed on summary judgment.[4] On September 29, 2014, Judge Robert Morrison, III granted a motion for devolutive appeal.[5] The Walton Suit is currently pending on appeal.

## DISCUSSION

The Court will begin by conducting a three-step inquiry.[6] First, the Court will determine whether the action is justiciable.[7] Second, the Court will determine whether it has authority to grant declaratory relief.[8] Third, the Court will determine "how to exercise its broad discretion to decide or dismiss a declaratory judgment action."[9] Then, as to any claims that survive this analysis, the Court will address whether Walton is an indispensable party.

---

[4] R. Doc. 12.
[5] R. Doc. 15-1.
[6] *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).
[7] *Id.*
[8] *Id.*
[9] *Id.*

I.    Justiciability

The justiciability doctrines of standing, mootness, political question, and ripeness derive from Article III's "case or controversy" requirement.[10]  In a declaratory judgment action, justiciability often turns on ripeness.[11]  This case is no exception.

The ripeness doctrine is drawn "both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction."[12]  The purpose of this doctrine is to forestall "entanglement in abstract disagreements" through "avoidance of premature adjudication."[13]  "The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'"[14]

The Fifth Circuit has recognized that "applying the ripeness doctrine in the declaratory judgment context presents a unique challenge."[15]  This stems primarily from the fact that declaratory relief often involves an *ex ante* determination of rights, *i.e.*, a determination of rights before an injury has occurred, that "exists in some tension with traditional notions of ripeness.[16]  Fortunately, this challenge is not presented today, because the Court's analysis is guided by a distinct subset of ripeness jurisprudence on insurance coverage disputes.

---

[10] *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714–15 (5th Cir. 2012).
[11] *See id*; *Orix*, 212 F.3d at 895; *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 27–28 (5th Cir. 1989).
[12] *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993).
[13] *Abbot Labs. v. Gardner*, 387 U.S. 136, 148 (1967).
[14] *New Orleans Public Serv., Inc. v. Counsel of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987) (quoting *Abbot Labs.*, 387 U.S. at 149).
[15] *Orix*, 212 F.3d at 896 (internal quotation marks omitted).
[16] *Id.*

4

The case law distinguishes between the duty to defend and the duty to indemnify.[17]  Because diversity is premised on diversity of citizenship, these duties are defined by the laws of the forum state.[18]  Under Louisiana law, an insurer's duty to defend is broader than its duty to indemnify.[19]  The duty to defend is determined solely by comparing the pleadings against the insured with the insurance policy.[20]  "Unless unambiguous exclusion of all of the plaintiff's claims is shown, the duty to defend arises."[21]  Because the duty to defend does not depend on the outcome of the underlying law suit,[22] a duty-to-defend claim is ripe as when the underlying suit is filed.[23]  According, U.S. Fire's duty-to-defend claim is ripe.

Unlike the duty to defend, the duty-to-indemnify issue is "premature and non-justiciable" until "the underlying issue of liability is resolved and the defendant is cast in judgment."[24]  The Walton Suit is still on appeal.  Unless and until summary judgment is

---

[17] *See Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009) ("An insurer's duty to defend suits on behalf on an insured presents a separate and distinct inquiry from that of the insurer's duty to indemnify . . . .").

[18] *See Ace Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839–40 (5th Cir. 2012).

[19] *See Elliott v. Cont'l Cas. Co.*, 949 So. 2d 1247, 1250 (La. 2007) (citing *Steptore v. Masco Constr. Co., Inc.*, 643 So. 2d 1213, 1218 (La. 1994))

[20] *See Suire v. Lafayette City-Parish Consol. Gov't*, 907 So. 2d 37, 52 (La. 2005); *Martco*, 588 F.3d at 872–73 ("[A]n insurer's duty to defend arises whenever the pleadings against the insured disclose a possibility of liability under the policy.").

[21] *Suire*, 907 So. 2d at 52.

[22] *Id.*

[23] *See Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc.*, 542 F.3d 106, 110 (5th Cir. 2008) ("An actual case or controversy exists before the resolution of an insured's underlying suit concerning the insurer's *duty to defend*.") (emphasis in original); *Morad v. Aviz*, No. 12-2190, 2013 WL 1403298, at *2 (E.D. La. Apr. 5, 2013) ("Courts have routinely held that courts may determine an insurer's duty to defend even before the underlying suit is decided."); *Greenwich Ins. Co. v. Capsco Indus., Inc.*, No. 1:14CV297-LG-JCG, 2014 WL 5025856, at *2 (S.D. Miss. Oct. 8, 2014).

[24] *New England Ins. Co. v. Barnett*, 465 F. App'x 302, 208 (5th Cir. 2012); *see also Coregis Ins. Co v. Sch. Bd. of Allen Parish*, No. 07-30844, 2008 WL 2325632, at *2 (5th Cir. 2008) ("[T]he duty-to-indemnify issue [is] not ripe when the underlying state court lawsuit ha[s] not been completed."); *Threadgill v. Orleans Parish Sch. Bd.*, No. 02-1122, 2013 WL 3777036, at *2 (E.D. La. July 18, 2013); *Travelers Cas & Sur. Co. of Am. v. Univ. Facilities, Inc.*, No. 10-1682, 2012 WL 1198611, at *11 (E.D. La. Apr. 10, 2012) (collecting cases); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. St. Bernard Parish Gov't*, No. 03-3551, 2004 WL 877379, at *2 (E.D. La. Apr. 21, 2004); *Morad*, 2013 WL 1403298, at *3.

reversed, the case is remanded, and A-Port is found liable to Walton, U.S. Fire's indemnity claim is not ripe.

II.  Authority to Grant Declaratory Relief

Because the Anti-Injunction Act does not apply in this case,[25] the Court's authority to grant declaratory relief on the duty-to-defend claim turns on whether subject matter jurisdiction is proper.[26]   Subject matter jurisdiction is premised on diversity of citizenship.  Under 28 U.S.C. § 1332(a), jurisdiction is proper where (1) the parties are completely diverse, and (2) the amount in controversy exceeds $75,000. [27]

The parties are completely diverse when "the citizenship of each plaintiff is diverse from the citizenship of each defendant."[28]   U.S. Fire is a corporation.  For purposes of diversity jurisdiction, a corporation is a citizen of (1) its state of incorporation, and (2) the state in which its principal place of business is located.[29] According to the complaint, U.S. Fire is incorporated in Delaware.  The principal place of business is located in New Jersey.  Ergo, U.S. Fire is a citizen of Delaware and New Jersey.

Unlike corporations, a limited liability company like A-Port takes the citizenship of its members.[30]   Both of A-Port's members are Louisiana citizens.[31]   Accordingly, A-Port is a citizen of Louisiana.   The other two Defendants—Dustin Guidry and Clint

---

[25] The Anti-Injunction Act does not apply, because there no is pending state court action between U.S. Fire and any of the defendants in this case.  *See Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387–88 (5th Cir. 2003).

[26] *See id.* at 387–88 .

[27] *See* 28 U.S.C. § 1332(a).

[28] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  The parties have not disputed complete diversity. Nonetheless, the Court has a duty to examine all aspects of subject matter jurisdiction *sua sponte*.  *See Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[29] 28 U.S.C. § 1332(c)(1).

[30] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[31] R. Doc. 19.  The Court previously ordered U.S. Fire to file an amended complaint solely for the purpose of properly alleging citizenship.  *See* R. Doc. 16.

Givens—are also Louisiana citizens.[32]  Because none of the Defendants are Delaware or New Jersey citizens, the parties are completely diverse.

In addition to complete diversity, Section 1332(a) requires that the amount in controversy exceed $75,000.  As the party invoking federal jurisdiction, U.S. Fire bears the burden of establishing the amount in controversy by a preponderance of the evidence.[33]  In order to determine whether that burden has been met, the Court first inquires whether it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000.[34]  If not, the Court may examine summary judgment-type evidence.[35]

When an insurer seeks a declaratory judgment on coverage issues, the amount in controversy is equal to the "insurer's potential liability under the policy, plus potential attorneys' fees, penalties, statutory damages, and punitive damages."[36]  As set forth in the complaint and the petition from the Walton Suit, Walton suffered significant injury to his left foot, which has required two surgeries and will require future medical treatment.  A-Port's potential liability for these injuries—and thus U.S. Fire's derivative indemnity liability—could easily exceed $75,000.[37]  When coupled with U.S. Fire's

---

[32] R. Doc. 19.

[33] *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003).

[34] *See Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

[35] *Id.*

[36] *Id.* (internal quotation marks omitted).  Unless the insurer seeks to void the entire insurance contract, the amount in controversy is not measured by the face amount of the policy.  *Id.* at 911.

[37] The question arises whether U.S. Fire's unripe indemnity claim can count towards the amount in controversy.  The Seventh Circuit squarely addressed this issue in *Meridian Security Insurance v. Sadowski*, 441 F.3d 536 (7th Cir. 2006).  In *Meridian*, an insurer sought a declaratory judgment in federal court that it owed no duty to defend or indemnify its insured against a claim pending in state court.  *Id.* at 537.  The district court dismissed the case for lack of diversity jurisdiction.  *Id* at 537–38.  After noting that an insurer's duty to indemnify is not ripe until the insured has been cast in judgment, the district court held that an unripe claim cannot factor in the amount in controversy.  *Id.*  The Seventh Circuit disagreed, holding that the insurer's "potential obligation to indemnify [its insured] was in controversy from the moment this suit began and could have been resolved while the state suit was ongoing."  *Id.* at 539.  Because the duty to defend is broader than the duty to indemnify, a ruling of no duty to defend would necessarily resolve the indemnity claim.  *See id.*  "No more is needed to show the value of

defense obligations, the Court concludes the amount in controversy exceeded the jurisdictional amount at the time this action was filed.[38]

## III.   Discretion to Exercise Jurisdiction

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants," even when subject matter jurisdiction is otherwise proper.[39]  But this discretion is not rudderless. The Fifth Circuit has developed seven factors—the so-called "*Trejo* factors"—that a district court should consider:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[40]

As set forth below, all factors weigh in favor of exercising jurisdiction. Accordingly, the Court will not dismiss or stay this action.

---

indemnity was 'in controversy' on the date this federal case began."  *Id.*  The Fifth Circuit has implicitly endorsed the Seventh Circuit's approach by holding that the amount in controversy is equal to the insurer's "*potential* liability under [the] policy.  *See St. Paul Reinsurance Co. Ltd.*, 134 F.3d 1250, 1253 (5th Cir. 1998) (emphasis added); *Hartford Ins. Grp.*, 293 F.3d at 912.

[38] Jurisdictional facts are judged as of the time the complaint is filed.  *St. Paul*, 134 F.3d at 1253.

[39] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

[40] *Sherwin-Williams*, 343 F.3d at 388.

1. *Nature of Pending State Court Action*

The first *Trejo* factor requires comparison of the declaratory judgment action with the underlying state-court action.[41]  If the declaratory judgment action presents the same issues as the state-court action, involves the same parties, and is not governed by federal law, the federal court should generally decline to exercise jurisdiction.[42]  If, on the other hand, the state-court action is not truly parallel because it does not involve all the same parties or issues as the declaratory judgment action, a federal court should consider the degree of similarity between the two actions.[43]

U.S. Fire is not a party to the Walton Suit.[44]  Moreover, whereas the Walton Suit involves issues of fact, fault, and causation, the federal action involves a straightforward examination of the pleadings against A-Port and the Policy.  Resolution of the Walton Suit has no bearing on U.S. Fire's duty to defend.  The state and federal proceedings are clearly not parallel.  "[T]he lack of a pending parallel state proceeding . . . weighs strongly against dismissal."[45]

2. *Order of Filing*

The Walton Suit predates this action by over four months.  Thus, this action was not filed in anticipation of, but rather in response to, the Walton Suit.  The second *Trejo* factor weighs in favor of exercising jurisdiction.

---

[41] *See id.* at 393–94.

[42] *See id.* at 393–94; *Wilton*, 515 U.S. at 283 ("[W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed.") (second alteration in original) (internal citation omitted) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)).

[43] *See Sherwin-Williams*, 343 F.3d at 394 n.5.

[44] A-Port alleges it has filed pleadings in the Walton Suit to add U.S. Fire as a third-party defendant.  R. Doc. 6-2, p.9.  There is no evidence U.S. Fire was ever added as a party.  Indeed, U.S. Fire explicitly states that it is not a party to the Walton Suit.  *See* R. Doc. 8, p. 9.

[45] *Id.* at 394; *see also Fed. Ins. Co. v. Sw. Materials, Inc.*, No. Civ.A. 02-1787, 2003 WL 21634945, at *3 (E.D. La. July 3, 2003) (finding abstention unwarranted in similar circumstances).

3. *Forum Shopping*

That U.S. Fire could have filed for declaratory judgment in the Walton Suit does not necessarily demonstrate forum shopping. As a preliminary matter, there is no guarantee U.S. Fire would have been allowed to intervene. Moreover, courts are less likely to find forum shopping where, as here, (1) a foreign insurer files a diversity action in federal court, and (2) the selection of the federal forum does not change the applicable law.[46] The third *Trejo* factor weighs in favor of exercising jurisdiction.

4. *Inequities*

The Court cannot conceive of any inequities that flow from allowing U.S. Fire to proceed in this action while the Walton Suit remains pending. As explained above, the Walton Suit and this action are not parallel in any material sense. No party will be prejudiced if this action is resolved before the Walton Suit. The fourth *Trejo* factor weighs in favor of exercising jurisdiction.

5. *Convenience of Federal Forum*

The defendants in this action are based in Louisiana. No witnesses are needed to determine U.S. Fire's duty to defend *vel non*. The fifth *Trejo* factors weighs in favor of exercising jurisdiction.

6. *Judicial Economy*

This action has been pending for over one year. The duty-to-defend issue is simple and will almost certainly be decided on the papers. It would be a waste of judicial resources to dismiss this action and require U.S. Fire to refile in another forum. Exercising jurisdiction is clearly in the interest of judicial economy.

---

[46] *See Sherwin-Williams*, 343 F.3d at 399.

7. *Interpretation of Decree from Parallel State Proceeding*

The Walton Suit and the instant action are clearly not parallel. Moreover, this Court need not interpret any decree issued in the Walton Suit in order to determine U.S. Fire's duty to defend. The seventh *Trejo* factor weighs of favor of exercising jurisdiction.

IV.   Joinder

Having determined that the duty-t0-defend claim is ripe for adjudication, that the Court has authority to grant declaratory relief, and that a dismissal or stay is inappropriate, the Court will now address the joinder issue. Rule 19(a)(1) provides that a party subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[47]

A-Port argues Walton is a required party under Rule 19(a)(1)(B)(ii). This issue need not detain the Court long. Walton has no reasonable interest in whether U.S. Fire owes A-Port a duty of defense under the Policy. But even if he did, it is inconceivable how disposing of this declaratory judgment action could leave any of the parties with a "substantial risk" of incurring inconsistent obligations. A-Port has failed to meet its burden of demonstrating that Walton is a necessary party.[48]

---

[47] Fed. R. Civ. P. 19(a)(1).
[48] *See Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009) ("[T]he party advocating joinder has the initial burden of demonstrating that a missing party is necessary . . . .").

## CONCLUSION

U.S. Fire's indemnity claim is not ripe for adjudication and is therefore dismissed without prejudice.  U.S. Fire's duty-to-defend claim, however, is ripe for decision, and there is no reason the Court should decline to hear it.  Walton has no interest in this claim, and therefore his joinder is not required.

**New Orleans, Louisiana, this 26th day of March, 2015.**


_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**